IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Simon : | | |
|     Plaintiff, : | | |
| : | | CIVIL ACTION |
| v. : | | |
| : | | NO. 17-03474 |
| IPS – Integrated Project Services, LLC : | | |
|     Defendant. : | | |
| : | | |

Jones, II    J.                                                                                     July 25, 2018

## MEMORANDUM

This matter arises out of a series of incidents that occurred during the course of John Simon's, ("Plaintiff"), employment by Integrated Project Services - IPS, LLC ("Defendant"). Plaintiff alleges claims of age discrimination against Defendant in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") (Count I) and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA") (Count II). (ECF No. 6.) Defendant moved to dismiss Count II of Plaintiff's Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(6), arguing that Plaintiff failed to exhaust his administrative remedies in accordance with the PHRC. (ECF No. 8.)

Presently before this Court is Defendant's Motion to Dismiss the PHRA Claim (Count II) in the First Amended Complaint, (ECF No. 8.), and Defendant's Brief in Opposition, (ECF No. 11.). Having carefully reviewed and considered the arguments advanced by both parties, the Court denies Defendant's Motion to Dismiss for reasons set forth below.

1

## I. FACTUAL BACKGROUND

Plaintiff began working for Defendant as a Director of Process Architecture in August 2014. (ECF No. 6, ¶ 18.) Defendant, a leading provider of technical consulting and qualifications services for technically complex client facilities across the globe, hired Plaintiff as project architect and master planner for a new project within IPS's Technology Group. (ECF No. 6, ¶¶ 18, 21.) Plaintiff's new role included master planning, managing clients, and engaging in front-end studies where Plaintiff worked under the direct supervision of Sam Halaby ("Halaby"), Senior Director of Global Strategy and Technology. (ECF No. 6, ¶¶ 21, 22.) IPS' Technology Group was comprised of eleven employees between the ages of thirty and forty-five, with Plaintiff, at sixty-five, being the eldest employee in the Group. (ECF No. 6, ¶ 26.)

On Plaintiff's first day of work, Plaintiff learned that the Project for which Plaintiff was hired had been reassigned to a younger employee without explanation, leaving Plaintiff with a minor support role on the project. (ECF No. 6, ¶ 23.) A month later, in September 2014, Plaintiff was removed altogether from said project due to "budget issues." (ECF No. 6, ¶ 24.) Plaintiff contacted Halaby for a new project assignment. (ECF No. 6, ¶ 25.) Halaby informed Plaintiff that he did not have any work and suggested that Plaintiff contact other groups within IPS "to find projects sufficient to keep Plaintiff busy." (ECF No. 6, ¶ 25.)

In October 2014, Plaintiff complained to Halaby regarding Plaintiff's lack of work assignments and Halaby continued to inform Plaintiff that Halaby "didn't have work" for him. (ECF No. 6, ¶ 27.) Plaintiff learned from a leader within the Architectural Group that the Technology Group had "plenty" of work and expressed confusion as to why Halaby would not assign Plaintiff work. (ECF No. 6, ¶ 28.) Two months later, Halaby refused to schedule a salary and performance review for Plaintiff. (ECF No. 6, ¶ 29.) Plaintiff contends that, to the best of his

2

knowledge, he was the only member of the Technology Group who did not receive a salary and performance review for 2014. (ECF No. 6, ¶ 29.)

For almost a year, from March 2015 to February 2016, Plaintiff was given only "supporting role" assignments while his "younger, less experienced colleagues" were given lead assignments. (ECF No. 6, ¶ 30.) Throughout this year, Halaby refused to meet with Plaintiff, assign Plaintiff work, or offer feedback on the minimal work Plaintiff was assigned. (ECF No. 6, ¶ 30.) Halaby continually attributed the circumstances to "lack of work." (ECF No. 6, ¶ 30) In December 2015, Plaintiff again asserts that he was the only member of the Technology Group denied a salary and performance review. (ECF No. 6, ¶ 32.) On March 8, 2016, Defendant ultimately terminated Plaintiff's employment due to "lack of work." (ECF No. 6, ¶ 34.)

Soon after Plaintiff's termination, Halaby hired a member of the Architectural Group who was in his thirties to join the Technology Group. (ECF No. 6, ¶ 36.) In late April 2016, Defendant placed a job advertisement online seeking Process Architect Directors and Project Architects. (ECF No. 6, ¶ 37.) Plaintiff was qualified for both of the positions and applied accordingly. (ECF No. 6, ¶ 37.) However, Plaintiff never received a response to either of his applications. (ECF No. 6, ¶ 38.)

## II. PROCEDURAL POSTURE

On September 2, 2016, Plaintiff dual-filed a timely Charge of Discrimination with the EEOC and PHRC alleging age discrimination against Defendant under the ADEA and PHRA. (ECF No. 6, Exhibit 1.) On May 8, 2017, after concluding its investigation, the EEOC issued Plaintiff a Dismissal and Notice of Rights, or "Right-to-Sue" letter. (ECF No. 6, ¶ 14.) The EEOC's Notice advised Plaintiff that he had ninety days to file a lawsuit based on his claims.

(ECF No. 6, Exhibit 2.) Plaintiff did not request the EEOC or PHRC to close his case; instead, the EEOC issued the Notice on its own initiative. (ECF No. 6, ¶ 15.)

On August 3, 2017, Plaintiff filed a Complaint in this Court asserting claims under the ADEA and PHRA. (ECF No. 1.) On September 12, 2017, Defendant timely filed a Partial Motion to Dismiss Plaintiff's Count II, pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), claiming that Plaintiff failed to exhaust his administrative remedies for his PHRA claim by filing suit before the one-year period had expired. (ECF No. 5) On September 26, 2017, Plaintiff filed a First Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 15(a)(1)(B), thereby rendering Defendant's Partial Motion to Dismiss moot. (ECF No. 6.) Thereafter, Defendant filed a Motion to Dismiss the PHRA Claim (Count II) in the First Amended Complaint. (ECF No. 8.) Plaintiff filed a Brief in Opposition to Defendant's Partial Motion to Dismiss on November 3, 2017. (ECF No. 11.) Presently, before this Court is Defendant's renewed Partial Motion to Dismiss. (ECF No. 8.)

## III. STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. 544, 555 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that

4

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). This standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id. Accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted). Courts may consider documents attached to the complaint in deciding a 12(b)(6) motion. *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011).

## IV. **DISCUSSION**

Plaintiff's claims for unlawful discrimination arise under the ADEA and PHRA. Defendant argues that Plaintiff failed to exhaust its PHRA administrative remedies by filing suit in federal court less than one year after submitting said claim to the PHRC. (ECF No. 8-2, p. 3.) As the following demonstrates, Plaintiff's dual-filing with the EEOC and PHRC, the EEOC's unprovoked dismissal with a ninety-day filing time frame and Plaintiff's Amended Complaint curing its exhaustion deficiencies, render said premature filing moot. This Court denies Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint.

### A. Plaintiff properly exhausted its PHRA administrative remedies by dual-filing with the EEOC and filing an Amended Complaint after the PHRC's one year limitation.

When filing claims under the PHRA, a plaintiff must give the PHRC one year to investigate said administrative complaint before filing a complaint with this Court. 43 P.S. §962(c). The PHRC "has exclusive jurisdiction over the claim for a period of one year in order to investigate and, if possible, conciliate the matter." *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 471 (3d Cir. 2001) (citing *Clay v. Advanced Computer Applications, Inc.*, 522 Pa. 86, 559 A.2d 917, 920 (Pa. 1988)). "[I]f within one (1) year after the filing of a

complaint with the Commission, the Commission dismisses the complaint . . . the Commission must so notify the complainant." 43 P.S. § 962(c). The complainant may then bring an action in court upon receipt of the dismissal notice.

Defendant alleges that Plaintiff "deprived the PHRC of its ability to perform its statutory function during the one-year period" by filing prematurely before the one-year period expired. (ECF No. 8-2, p. 6.) While Defendant's allegation that Plaintiff filed its initial Complaint before the one year requirement is accurate, this assertion fails to acknowledge the dual-filing agreement signed by Plaintiff on September 2, 2016, (ECF No. 6, p. 14.), the EEOC's unprovoked Dismissal and Notice of Right to Sue with a ninety-day timeframe, (ECF No. 6, p. 16.), and Plaintiff's Amended Complaint filed on September 27, 2017, curing Plaintiff's exhaustion deficiencies. (ECF No. 6.)

Through a dual-filing agreement, the PHRC and the EEOC enter into an arrangement through which they apportion initial jurisdiction over discrimination complaints in order to avoid unnecessary duplication of investigatory time and effort. *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997). Under a dual-filing agreement, each agency waives its right to initially review claims that are first filed with the other agency. *Id.* at 926. As such, a claim that is filed first with the EEOC can be processed by the EEOC, without being investigated as an initial matter by the PHRC. *Id.* Therefore, Pennsylvania waives its statutory right to initially process discrimination claims, and hence the agreement operates to "terminate" the PHRC proceedings with respect to those complaints that are filed first with the EEOC. *Id.* Dual-filing an EEOC charge of discrimination satisfies the PHRA's prerequisites. *See Remp v. Alcon Labs., Inc.*, 701 F. App'x 103, 106 (3d Cir. 2017).

Here, the agreement states that Plaintiff's signature constitutes filing a PHRC charge in conjunction with his EEOC charge. (ECF No. 6, p. 14.) Because Plaintiff chose the EEOC as the primary investigator of the complaint, the PHRC will not investigate and, in most cases, will accept EEOC's finding. (ECF No. 6, p. 14.) The agreement further indicates that because Plaintiff chose to file his charge first with the EEOC, making it the primary investigatory agency, "the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC." (ECF No. 6, p. 14.) On May 8, 2017, the EEOC issued a Dismissal and Notice of Rights to Plaintiff stating that it was "unable to conclude that the information obtained established violations of the statutes." (ECF No. 6, p. 16) The Notice further specified that Plaintiff "may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court....Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notic**e…." (ECF No. 6, p. 16.)

The Court interprets the language of the dual-filing agreement as directing the PHRA to follow the investigatory direction of the EEOC. The agreement assigned the EEOC as the primary investigator and reflects an expectation that the PHRA afford great deference to the EEOC's findings. It follows that the EEOC dismissed the case, upon its own initiative, with allowance to file in federal court within ninety days. Because the EEOC dismissed the complaint, provided notice to Plaintiff, and imposed a ninety day time limit to file, had Plaintiff not filed within the ninety-day time frame, Plaintiff would have lost out on its right to sue under the EEOC.

Defendant further argues that Plaintiff's counsel should have "attempted to resolve" the issue with the PHRC or waited until the one-year time period had expired before filing suit in federal court. (ECF No. 8-2, p. 4.) This argument again fails to acknowledge the dual-filing

7

agreement, and grossly overlooks the critical fact that Plaintiff's ninety-day window to file in federal court provided by the EEOC's dismissal would have expired if Plaintiff had obliged the PHRA one-year limitation.

Defendant cites to a string of cases to prove its position that courts sitting in the Eastern District of Pennsylvania have consistently held that a PHRA claim is deemed unexhausted if a plaintiff files in federal court before the PHRA one-year period expires. (ECF No. 8-2, p. 3-5.) *See DeAngelo v. Dentalez, Inc.*, 738 F.Supp. 2d 572, 588-89 (E.D. Pa. 2010); *Flowers v. Univ. of Penn. Health Sys.*, No. 08-3948, 2009 U.S. Dist. LEXIS 51545, at *15 (E.D. Pa. 2009); *Lyons v. Springhouse Corp.*, No. 92-6133, 1993 U.S. Dist. LEXIS 3039, at *14 (E.D. Pa. 1993). However, the cases that Defendant cites in its Motion to Dismiss are inapplicable to the present case. In *Flowers*, 2009 U.S. Dist. LEXIS 51545, at *15, and, *DeAngelo*, 738 F.Supp. 2d at 587, the plaintiffs requested a Right-to-Sue letter before the one-year PHRA limit had passed. In *Lyons*, the plaintiff informed the PHRA he intended to file a lawsuit which caused the Commission to dismiss the complaint. No. 92-6133, 1993 U.S. Dist. LEXIS 3039, at *7. Unlike in the aforementioned cases, in the case before this Court, the EEOC concluded its investigation upon its own initiative without any request by the plaintiff. The critical distinction that Plaintiff did not request a Notice of Dismissal from the EEOC or PHRA renders Defendant's arguments inapposite.

Lastly, even if the PHRA one-year limitation was determinative here, Plaintiff cured said "premature" filing by submitting an Amended Complaint after the one-year limitation had expired. (ECF No. 6.) Though unanswered in Third Circuit case law, courts within this District have found in many instances that a prematurely filed complaint can be cured of failing to exhaust its administrative remedies, if said complaint is amended after the one year limitation

period. *See, e.g. Magerr v. City of Phila.*, No. 15-4264, 2016 U.S. Dist. LEXIS 48177, at *7-8 (E.D. Pa. 2016) (denying defendant's Motion to dismiss by concluding that plaintiff exhausted his administrative remedies with respect to his federal and PHRA claims based on plaintiff's EEOC Right-to-Sue letter); *Prisco v. Methodist Hosp.*, No. 10-3141, 2011 U.S. Dist. LEXIS 36990, at *10-11 (E.D. Pa. 2011) (denying Motion to Dismiss by finding plaintiff exhausted PHRA requirements by filing amended complaint after one-year PHRC limitation passed.); *Levy v. Trent Motel Assocs.*, LP, No. 11-776, 2011 U.S. Dist. LEXIS 96259, at *19-20 (E.D. Pa. 2011) (denying Motion to Dismiss by holding that plaintiff cured premature filing of PHRA claim by amending his complaint after PHRC one-year jurisdiction expired).

Although the aforementioned cases are not binding on this Court, the facts and legal questions presented are almost identical to those at issue here. Plaintiff filed its initial Complaint in this Court on August 3, 2017, technically before the one-year PHRC limitation, to comply with the EEOC's Right to Sue Letter and its ninety day timeframe. Subsequently, Plaintiff filed an Amended Complaint on September 26, 2017; twenty-four days after the PHRC's one year of jurisdiction had expired. As such, Plaintiff cured any PHRA exhaustion deficiencies by filing its Amended Complaint. This Court finds no reason to dismiss Count II of Plaintiff's Complaint for failure to exhaust administrative remedies.

## V. CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss Plaintiff's Amended Complaint as to Count II is **DENIED** in its entirety.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.